**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| DONNELL CLAYTON, JR., | Criminal Case No. 16-153-1 (BAH) |
| Defendant. | Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Having served less than 35 percent of his 50-month term of imprisonment for engaging in a massive identity theft and false tax refund conspiracy, defendant Donnell Clayton, Jr., renews his request for compassionate release due to the risk that he will contract and be severely harmed by COVID-19 in prison at Federal Correctional Institution Morgantown ("FCI Morgantown"), where he is currently incarcerated, due to his serious preexisting health conditions, which include obesity, asthma, high blood-pressure, and diabetes. Def.'s Mot. Compassionate Release ("Def.'s Mot.") at 5–7, ECF No. 242. In the alternative, defendant requests an order replacing his remaining term of imprisonment with home incarceration. *Id.* at 4. Defendant was sentenced by Judge Rosemary M. Collyer, in 2019, to concurrent terms of imprisonment on his guilty plea to three counts in a wide-ranging identity theft and false tax refund conspiracy that he participated in for five years and which defrauded the government of approximately $3,071,502. Judgment & Commitment (Oct. 18, 2019) ("J&C") at 1–3, ECF 215 (sealed); Presentence Investigation Report ("PSR") at ¶¶ 25–33, 36 (sealed).[1]

---

[1]     Defendant's case was reassigned to the undersigned in August 2020, *see* Docket Entry (Aug. 13, 2020), upon the filing of his first motion for compassionate release, *see* Def.'s Mot. Compassionate Release, ECF No. 230, which was denied, *see* Min. Order (Aug. 18, 2020).

The government opposes defendant's motion, conceding that he has established "extraordinary and compelling reasons for compassionate release," but arguing that the sentence reduction he requests is unwarranted under the 18 U.S.C. § 3553(a) sentencing factors. Gov't's Opp'n to Def.'s Mot. Compassionate Release ("Gov't Opp'n") at 6, ECF No. 249. For the reasons set forth below, defendant's motion is denied.

## I.    BACKGROUND

Defendant participated in a large identity theft and false tax refund conspiracy that included over 130 individuals and sought over $42,000,000 in fraudulently claimed income tax refunds. PSR ¶ 25. The co-conspirators filed over 12,000 fraudulent federal income tax returns using stolen means of identification, including names and social security information taken from nursing home residents, incarcerated persons, children, and the deceased. *Id.* ¶¶ 25–27. Defendant participated in this scheme from September 2008 through November 2013, and the actual attributable loss due to defendant's actions was $3,071,502. *Id.* ¶¶ 34, 36, 43.

Defendant pled guilty on June 6, 2017 to a three-count Superseding Information charging him with Conspiracy to Commit Theft of Public Money, in violation of 18 U.S.C. § 371; Theft of Public Money, and Aiding and Abetting, in violation of 18 U.S.C. §§ 641 and 2; and Fraud and Related Activity in Connection with Identification Information, and Aiding and Abetting, in violation of 18 U.S.C. §§ 1028(a)(7) and 2. Min. Entry (June 6, 2017) (sealed). On October 8, 2019, defendant was sentenced to 50 months of incarceration, followed by 24 months of supervised release. Min. Entry (Oct. 8, 2019) (sealed); J&C at 3–4. Defendant was further ordered to pay $3,071,502.99 in restitution jointly and severally with his co-conspirators. J&C at 7.

On June 24, 2020, defendant filed a request for a reduction in sentence with the Warden of FCI Morgantown, and the request was denied on July 21, 2020.  Def.'s Exs., Inmate Request to Staff Member Response, ECF No. 246 at 3 (sealed).  Defendant then filed, on August 17, 2020, a *pro se* Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 230, which the Court denied because the request did not explain with particularity the existence of any "extraordinary and compelling reasons" for release cognizable under 18 U.S.C. § 3582(c)(1)(A)(i).  Min. Order (Aug. 18, 2020).

Defendant then filed this motion, with assistance of counsel, on March 15, 2021.  The government filed its memorandum in opposition on April 5, 5021, and the motion is now ripe for resolution.

## II.    LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed;' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  As originally enacted, one such exception, codified in 18 U.S.C. § 3582(c)(1)(A), empowered the Bureau of Prisons ("BOP") Director to "petition the court for a reduction in sentence . . ." and gave courts the authority to grant those petitions if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *id*., they found "that the reduction was justified by 'extraordinary and compelling reasons.'"  S. Rep. 98-223, at 118; *see also* Pub. L. No. 98-473, Title II, § 212(a)(2).  The First Step Act of 2018, Pub. L. No. 115-391, expanded the exception in section 3582(c)(1)(A) to authorize a defendant to file directly with the court a motion for such compassionate release after exhausting any "administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion" on his behalf or he

waits at least "30 days" after he delivers his request for compassionate release to "the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A).

In resolving motions for compassionate release, the court may only reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," *id.*, and upon making two findings: first, that "extraordinary and compelling reasons warrant such a reduction," *id.* § 3582(c)(1)(A)(i);[2] and, second, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.* § 3582(c)(1)(A).[3]

The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, which was last substantively amended by the Commission on November 1, 2016, applies to motions for reduction of terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A), and provides guidance on both of the statutorily required findings.[4]  It states that a reduction of a term of imprisonment may be warranted, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," when the court makes three determinations: (1) "extraordinary and

---

[2]   Though not relevant to the instant motion, the court may also reduce a prisoner's sentence if he is "at least 70 years of age" and has served at least 30 years in prison, when BOP has determined "that the defendant is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii).

[3]   The Sentencing Commission is tasked, in its organic statute, with promulgating general policy statements regarding "the sentence modification provisions set forth in section [] . . . 3582(c) of title 18," 28 U.S.C. § 994(a)(2) and "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," *id.* § 994(t).

[4]   U.S.S.G. § 1B1.13 has not been updated since the enactment of the First Step Act, due to the lack of a voting quorum on the U.S. Sentencing Commission.  *See* U.S. Sent'g Comm'n, *2020 Annual Report and Sourcebook of Federal Sentencing Statistics* 2 (2020), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2020/2020-Annual-Report-and-Sourcebook.pdf.  Consequently, this policy statement is framed to provide guidance in resolving a "motion of the Director of [BOP] under 18 U.S.C. § 3582(c)(1)(A)," U.S.S.G. § 1B1.13, but makes no reference to a motion filed directly by a defendant. Nonetheless, this policy statement provides guidance in resolving compassionate release motions filed directly by defendants.  *See, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that the policy statement is nonbinding but observing that "the Commission's analysis can guide discretion without being conclusive"); *United States v. Hicks*, Crim. Action No. 93-97-2 (BAH), 2021 WL 1634692, at *5 (D.D.C. Apr. 27, 2021) ("[E]ven if U.S.S.G. § 1B1.13 is not binding, this policy guidance is highly persuasive authority in resolving motions for compassionate release.").

compelling reasons warrant the reduction," *or* the defendant meets certain age and a minimum incarceration period, U.S.S.G. § 1B1.13(1)(A)–(B); (2) the defendant poses no danger to the safety of any other person or the community, *id.* § 1B1.13(2); and (3) "the reduction is consistent with [the] policy statement," *id.* § 1B1.13(3).  The commentary to this policy statement describes four "circumstances" that satisfy "extraordinary and compelling reasons warrant[ing] the reduction," including "[o]ther [r]easons" found by the BOP Director to present an extraordinary and compelling reason "other than, or in combination with," the reasons specified in the policy statement, *id.* § 1B1.13, cmt. n.1(D).[5]  This Court has recognized elsewhere that the current global pandemic may, in some circumstances, "present[] such an 'other reason.'"  *United States v. Tobias*, Crim. Action No. 19-143 (BAH), 2020 WL 4673414, at *4 (D.D.C. Aug. 12, 2020) (alteration in original) (quoting *United States v. Morris*, Crim. Action No. 12-154 (BAH), 2020 WL 2735651, at *7 (D.D.C. May 24, 2020)).

## III.    DISCUSSION

Defendant now moves for compassionate release, contending that the requisite "extraordinary and compelling" reasons justifying a compassionate release, 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(c)(1)(A), are present because of his "myriad health issues," which leave him susceptible to severe COVID-19 symptoms.  Def.'s Mot. at 6.  Defendant further argues that he is "not a danger to the safety of any other person or to the community," *id.*

---

[5]     The other three "extraordinary and compelling" circumstances described in the commentary to U.S.S.G. § 1B1.13 are not invoked and have no relevance here.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) (describing defendant, who "is suffering from a terminal illness" or has chronic and "substantially diminish[ed] . . . ability . . . to provide self-care" within the prison environment; who is at least 65 years old, with a serious deterioration in physical or mental health, after serving at least 10 years or 75 percent of the prison term, "whichever is less;" or for whom "[f]amily [c]ircumstances" involve "[t]he death or incapacitation of a caregiver of the defendant's minor child or minor children" or the incapacitation of the defendant's spouse or registered partner "when the defendant would be the only available caregiver for the spouse or registered partner").

at 2 (quoting U.S.S.G. § 1B1.13), and that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of a reduced sentence, *id.* at 7–9.

### A.      Extraordinary and Compelling Reasons for Release

Defendant cites his "myriad health issues," *id.* at 6, which include obesity, high blood pressure, diabetes, and asthma, *id.* at 7, as placing him at an increased risk of severe illness if he were to contract COVID-19, *id.* at 6 (citing *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2F); *id.* (arguing that these preexisting conditions place him "at much higher risk than the average inmate of dying or being a 'long-hauler' if he survives an infection").[6]  As of March 15, 2021, defendant had not yet been vaccinated.  *Id.* at 4.  Defendant further highlights the worrying conditions throughout the federal prison system, where the testing positivity rate has been "almost five times higher than in the regular United States population," and at FCI Morgantown in particular, where 221 inmates out of 435 have been infected with COVID-19.  *Id.*; *see also COVID-19 Inmate Test Information*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited April 29, 2021) (indicating that 197 inmates at FCI Morgantown have tested positive for COVID-19 and recovered).[7]

The government does not dispute defendant's description of his medical conditions and concedes "that these conditions heighten the Defendant's risk of severe illness from COVID-19." Gov't's Opp'n at 6.  The government acknowledges, as it must, that the "COVID-19 situation

---

[6]      "Long-hauler" is a colloquial expression referring to an individual who experiences lingering symptoms after his original recovery from COVID-19.  *See COVID-19 (coronavirus): Long-term effects*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-long-term-effects/art-20490351 (last visited April 29, 2021).

[7]      The source of the discrepancy between defendant's figure and the BOP figure, which reflects conditions at the facility over one month after the filing of defendant's motion but with fewer inmates testing positive for COVID-19, is unclear.

within Morgantown FCI is concerning," *id.* at 7, and that each of defendant's chronic conditions may present "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" given the threat of COVID-19, *id.* (quoting U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)).  The government's concession also aligns with prior findings by this Court that "the current global pandemic may, in some circumstances, 'present[] such an 'other reason'" that justifies a finding of "extraordinary and compelling" circumstances under U.S.S.G. § 1B1.13, cmt. n.1(D).  *Tobias*, 2020 WL 4673414, at *4 (alteration in original) (quoting *Morris*, 2020 WL 2735651, at *7).  Thus, defendant has fulfilled one of the determinations set out in U.S.C. § 3582(c) to qualify for sentence reduction.

### B.    Consideration of the 18 U.S.C. § 3553(a) Factors

Even upon a showing of extraordinary and compelling reasons, however, both the statute and the policy statement require consideration of "the factors set forth in 18 U.S.C. § 3553(a)" in determining whether a reduction in the term of imprisonment is warranted.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

Defendant concedes that the crime to which he pled guilty is serious, and that he has served less than 35 percent of his sentence including good time credit, *see* Def.'s Mot. at 4, but nonetheless argues that the 18 U.S.C. § 3553(a) factors weigh in favor of release and, indeed, that he "is an ideal candidate for compassionate release," *id.* at 8.  Rather than relying on all the factors that a court is instructed to consider in imposing a sentence, *see* 18 U.S.C. § 3553(a)(1), (a)(3)–(6), defendant instead highlights the purposes articulated in the parsimony principle of 18 U.S.C. § 3553(a)(2).  The parsimony principle is "a broad command that instructs courts to 'impose a sentence sufficient, but not greater than necessary, to comply with' the four identified

purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (quoting 18 U.S.C. § 3553(a)(2)).

First, regarding the need for just punishment, defendant argues that he "has been punished, and will continue to be punished while serving a sentence of supervised release." Def.'s Mot. at 8.  Defendant also stresses that his health problems are "extremely severe" and that he has had a clear record while incarcerated.  *Id*.  Second, defendant argues that his conviction and imprisonment have already provided substantial deterrence, as evidenced by his compliance while on pretrial release.  *Id.* at 8–9.[8]  Third, defendant argues—presumably based on the nature of his offense—that he is "not a danger to any other person or the community."  *Id.* at 9.  Finally, defendant argues that he has shown evidence of rehabilitation and will not reoffend, noting that he "has created a release plan with a place to live, a career path, a support system, and a method of obtaining medical insurance through his girlfriend."  *Id.*  To this end, defendant has submitted letters from his mother and two cousins, who attest to his character, remorse, and capacity to contribute to his family and the community if released.  Letter of Robin M. Robinson, ECF No. 238; Letter of LaTasha Jones, ECF No. 239; Letter of Chaunis Johnson, ECF No. 247.

The government's argument on the 18 U.S.C. § 3553(a) factors is more compelling, and the Court agrees that the factors weigh against a reduced sentence.  First, as to the nature and circumstances of the offense, defendant's involvement with the fraudulent tax refund scheme for which he was convicted was extensive and over a lengthy period.  Among other things,

---

[8]     While defendant questions whether the four-point aggravating role enhancement was appropriately applied under U.S.S.G. § 3B1.1(a), because another co-conspirator was the "ringleader" of the operation, Def.'s Mot. at 8, he provides no reason to believe that he could not be characterized as *a* leader or organizer, given that he "recruited at least five people into the conspiracy," PSR ¶ 72, and played "a significant organizing role in the scheme," Gov't's Opp'n at 8.  Defendant's invitation to re-litigate his sentencing on this compassionate release motion is rejected.

defendant (1) used the names and social security numbers of others—including "children at a day care where his wife worked"—to file fraudulent tax returns; (2) cashed fraudulent tax refund checks; and (3) paid a U.S. Postal Service carrier to provide addresses and intercept the refund checks.  Gov't Opp'n at 8; *see also* PSR ¶¶ 34–36.  The scheme's intended loss attributable to defendant was $5,600,321 and the actual loss attributable to defendant was $3,071,502.  PSR ¶ 43.  The nature and circumstances of the offense are serious, and defendant has served less than 35 percent of his sentence of 50 months of imprisonment.

Second, the government argues that the need to avoid unwarranted sentence disparities between defendant and his co-conspirators weighs against a sentence reduction.  Indeed, one of defendant's co-conspirators is also serving a 50-month sentence for the same conduct, and this Court recently denied that co-defendant's motion for compassionate release on the ground that doing so would not comport with the 18 U.S.C. § 3553(a) factors.  *See United States v. Robinson,* Crim. Action No. 16-153-2 (BAH), 2021 WL 736732, at *3–4 (D.D.C. Feb. 25, 2021).  Defendant attempts to distinguish his situation from that of his co-defendant by emphasizing the severity of his own health issues.  *See* Def.'s Mot. at 8.  This argument, however, goes primarily to the existence of extraordinary and compelling reasons for compassionate release—which the Court has found to exist in *both* cases—and defendant does not explain how this should affect evaluation of any of the 18 U.S.C. § 3553(a) factors.

The Court agrees that the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities weigh against compassionate release.  Defendant played a key and wide-ranging role in a large fraud scheme that lasted for five years, and he has served only a fraction of his sentence.  The greatly decreased sentence he requests would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

the offense." 18 U.S.C. § 3553(a)(2)(A). It would also fail "to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B). The sentence reduction is therefore foreclosed by 18 U.S.C. § 3582(c)(1)(A).[9]

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, defendant has not demonstrated that a reduction in his sentence comports with the factors laid out in 18 U.S.C. § 3553(a) or the requirements under 18 U.S.C. § 3582(c)(1)(A). Accordingly, it is hereby

**ORDERED** that defendant's Motion for Compassionate Release is **DENIED.**

**SO ORDERED.**

Date: April 29, 2021

_____
BERYL A. HOWELL
Chief Judge

---

[9] Defendant seeks, in the event his request for compassionate release is denied, for "an order modifying his judgment to add home confinement in lieu of incarceration." Def.'s Mot. at 4. BOP is authorized "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281, allows BOP's director to "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" provided certain conditions are met. The authority to determine the placement of a prisoner, however, belongs solely to BOP and "is not reviewable by any court." 18 U.S.C. § 3621(b). As this Court has previously held, the CARES Act only lengthens the authorized term of home confinement and "did not grant to courts the authority to determine whether a prisoner should be placed on home confinement." *United States v. Orji*, 486 F. Supp. 3d 398, 403 (D.D.C. 2020); *see also United States v. Shabazz*, Crim. Action No. 17-43 (JDB), 2020 WL 7639545, at *4 (D.D.C. Nov. 24, 2020).

Defendant's home confinement request might alternatively be accomplished by reducing his sentence to time served and adding an *additional* term of supervised release, pursuant to 18 U.S.C. § 3582(c)(1)(A), with home detention as a condition of supervised release, *see* U.S.S.G. § 5F1.2 ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). This Court understands 18 U.S.C. § 3582(c)(1)(A), however, to require that any sentence reduction itself comport with the 18 U.S.C. § 3553(a) factors. The Court cannot, then, take consideration of the additional term of supervised release in determining whether a sentence reduction is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. Compassionate release with additional conditions of supervised release—including home confinement—will not be permissible under 18 U.S.C. § 3852(c)(1)(A) if the 18 U.S.C. § 3553(a) factors do not counsel in favor of a reduced term of imprisonment. *See United States v. King*, Crim. Action No. 18-318 (JDB), 2021 WL 880029, at *5 (D.D.C. Mar. 9, 2021).